## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| BRIAN RUISINGER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 10-2640-KHV/KMH** |
| HNB CORPORATION, HOME | ) | |
| NATIONAL BANK, N.A., ROGER | ) | |
| BROWN, TRENTON BROWN and | ) | |
| LISA BROWN KESSLER, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Brian Ruisinger brings suit against HNB Corporation, Home National Bank, N.A., Roger Brown, Trenton Brown and Lisa Brown Kessler for retaliatory discharge under 12 U.S.C. § 1831j (Count I), common law retaliatory discharge (Count II) and tortious interference with contract or with prospective business advantage (Count III). Each count arises from the same alleged conduct: plaintiff alleges that one or more defendants terminated his employment as Chief Financial Officer and interim President of Home National Bank, N.A., and removed him as a director of HNB Corporation ("HNB"). This matter is before the Court on the <u>Motion To Dismiss</u> (Doc. #4) which HNB and Roger Brown, Trenton Brown and Lisa Brown Kessler ("the individual defendants") filed April 4, 2011. HNB and the individual defendants move to dismiss plaintiff's complaint because (1) plaintiff cannot establish a violation of 12 U.S.C. § 1831j against them; (2) plaintiff's assertion of a claim under Section 1831j precludes his common law retaliatory discharge claim; (3) the complaint does not properly plead individual liability under Kansas' cause of action for retaliatory discharge; and (4) plaintiff cannot establish a claim for tortious interference. Home National Bank is not a party to this motion.

The second motion before the Court is plaintiff's <u>Motion For Leave To File First Amended</u>

Complaint (Doc. #14) filed October 28, 2011.  Plaintiff seeks leave to include an allegation to salvage his common law retaliatory discharge claim under Kansas law and to add a count for the same cause of action under Arizona law.  For the following reasons, the Court sustains in part and overrules in part defendants' motion to dismiss for failure to state a claim, and sustains plaintiff's motion to amend.

### Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions.  See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged.  Iqbal, 129 S. Ct. at 1949.  Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 129

S. Ct. 1949.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief.  Id. at 1950.  The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

Leave to amend is a matter committed to the sound discretion of the district court.  See First City Bank. N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987).  Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend "should be freely given when justice so requires."  A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment.  Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010).  A proposed amendment is futile if the amended complaint would be subject to dismissal.  Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

**Factual Background**

The complaint alleges the following facts.

Plaintiff worked for Home National Bank as its Chief Financial Officer for approximately six years, and also served on the HNB Board of Directors for approximately six years.[1]  The Office of the Comptroller of the Currency ("OCC") has closed Home National Bank and the bank is currently in receivership with the Federal Deposit Insurance Corporation.  HNB, a privately-owned holding

---

[1]     The complaint does not provide dates, but it appears that these six-year periods were nearly coterminous.

-3-

company, held all the shares of Home National Bank, and members of the Brown family (including the individual defendants) own a majority of HNB. The individual defendants serve or have served as officers and/or directors of HNB and/or Home National Bank.

In 2009, the Chief Credit Officer of Home National Bank conducted a credit review of the bank's credit and loan procedures and found several credit-related improprieties that potentially violated federal banking laws. The bank officers, including members of the Brown family and/or the individual defendants, were responsible for these improprieties. Plaintiff learned of these improprieties in the fourth quarter of 2009, and he reported them to the independent directors of HNB so as to comply with his fiduciary and other legal responsibilities. On or about February 5, 2010, the independent directors decided to replace several executive officers, including members of the Brown family and/or the individual defendants. They appointed plaintiff as interim bank president.

The bank's Chief Credit Officer wrote a letter to the OCC concerning the potential credit-related improprieties. Plaintiff provided input in that letter, and he alleges that defendants knew of his input and his cooperation with the OCC investigations of HNB and Home National Bank. The ousted members of the Brown family and/or the individual defendants hired new counsel and pressured certain independent HNB board members to resign; they thus regained control of the corporation. Almost immediately, HNB counsel informed plaintiff that he was "going to be leaving [the bank] today," and he did. Complaint (Doc. #1) ¶ 20. Days later, HNB and/or Home National Bank sent plaintiff a draft severance agreement for his review. He did not sign it because it contained onerous and unfair provisions, including a broad non-compete provision. HNB and/or Home National Bank sent plaintiff a letter stating that he must resign or be terminated, and two days later they told plaintiff that his employment had been terminated.

Plaintiff subsequently spent seven hours with an OCC investigator outlining issues with HNB and/or Home National Bank. He also participated in a special meeting of the HNB board, where he learned that HNB stockholders had voted to remove him as a director.

In his amended complaint, plaintiff alleges that HNB and each individual defendant had the sole discretion to terminate his employment. He also alleges that one of the improprieties which he reported to the independent directors was that defendant Trenton Brown used a forged and/or back-dated letter in an attempt to obtain reimbursement from Home National Bank for a house which he used while performing bank work in Oklahoma.

### Analysis

HNB and the individual defendants assert that Count I fails to state a claim because these defendants are not subject to liability under 12 U.S.C. § 1831j. They allege that plaintiff's Section 1831j claim bars his common-law retaliatory discharge claim (Count II).[2] Third, defendants argue that plaintiff has not properly pled individual liability for retaliatory discharge under Kansas law (also Count II). Finally, as to Count III, defendants assert that plaintiff cannot establish a claim for tortious interference with contract or prospective business advantage.

### I.      Section 1831j

Plaintiff seeks relief against all defendants under the whistleblower provision of the Federal Deposit Insurance Act, 12 U.S.C. § 1831j, which provides as follows:

> No insured depository institution may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee . . . provided information to any Federal Banking agency . . . regarding–

---

[2]      The first two arguments are not made in the alternative. If these defendants were to prevail on their Count I argument, that count would still remain against Home National Bank.

(A) a possible violation of any law or regulation; or

(B) gross mismanagement, a gross waste of funds, [or] an abuse of authority . . . ;

by the depository institution or any director, officer, or employee of the institution.

12 U.S.C. § 1831j(a)(1).  The obvious purpose of this federal whistleblower legislation is to protect the nation's banking system through protection of employees in the banking industry who disclose to banking agencies information concerning violations of law, gross waste of funds, gross mismanagement or abuse of authority.  Jose v. Norwest Bank N.D., N.A., 599 N.W.2d 293, 298 (N.D. 1999).  HNB and the individual defendants argue that the plain language of the statute excludes them from liability because it applies only to "insured depository institutions," and a "depository institution" is defined as a bank or savings association.  12 U.S.C. § 1813(c)(1).  Plaintiff's response does not address this argument.

Case law supports defendants' argument.  See Nowlin v. Resolution Trust Corp., 33 F.3d 498, 502-03 (5th Cir. 1994) (Section 1831j applies only to actors named in statute); Fasano v. Fed. Reserve Bank of N.Y., 457 F.3d 274, 289 n.11 (3d Cir. 2006) (only certain types of institutions, not individuals, subject to statute); Rouse v. Farmers State Bank of Jewell, IA, 866 F. Supp. 1191, 1204 (N.D. Iowa 1994) (statute does not extend to bank's majority shareholder or holding company); Homeyer v. Yorkville Fed. Savings & Loan Ass'n, No. 90-civ-5830, 1991 WL 274226, at *8 n.1 (S.D.N.Y. 1991) (directors and officers not within statute's reach); Hicks v. Resolution Trust Corp., 767 F. Supp. 167, 171-72 (N.D. Ill. 1991) (statute not applicable to directors, officers, employees or controlling stockholders), aff'd, 970 F.2d 378 (7th Cir. 1992).

Defendants' motion to dismiss Count I is sustained.

## II.    Alternative Remedies Doctrine

Defendants argue that plaintiff cannot bring a common-law claim for retaliatory discharge based

on the same whistleblowing conduct because his claim under Section 1831j provides adequate and comprehensive statutory remedies.  Known as the alternative remedies doctrine, this species of preclusion substitutes a state or federal statute for a state retaliation claim if the substituted statute provides an adequate alternative remedy.  Flenker v. Willamette Indus., Inc., 266 Kan. 198, 202-03, 967 P.2d 295, 299 (Kan. 1998).  As to these defendants, however, the Court need not consider the doctrine because this order dismisses plaintiff's claim under Section 1831j.

Even if the Court were to consider the argument, it would not find that remedies under Section 1831j preclude a common-law claim for retaliatory discharge because as a matter of law, the statutory remedies are not an adequate alternative remedy.  Section 1831j allows for reinstatement, compensatory damages and "other appropriate actions to remedy any past discrimination."  12 U.S.C. § 1831j(c).  As plaintiff points out, Kansas law permits "compensatory damages beyond those designed to eliminate purely economic loss and . . . punitive damages" in retaliatory discharge claims.  See Hysten v. Burlington N. Santa Fe Ry. Co., 277 Kan. 551, 108 P.3d 437, 445 (2004).  Although Kansas courts have not examined the alternative remedies doctrine with respect to Section 1831j, earlier decisions convince the Court that plaintiff's common law claim can coexist with his claim under Section 1831j.  See id. (FELA relief not adequate alternative, in part because it does not permit punitive damages); Flenker, 266 Kan. at 205-10, 967 P.2d at 301-03 (OSHA remedy, which provides for reinstatement and back pay, not adequate).

## III.    Pleading Individual Liability

The individual defendants assert that the Court must dismiss plaintiff's common law claim for retaliatory discharge because Count II does not allege that each individual defendant was free to exercise his or her sole discretion to terminate plaintiff's employment, and individual liability does not attach

without such discretion.  Plaintiff responds to this argument by seeking to amend his complaint to add the following: "Upon information and belief, Defendants HNB, Roger Brown, Trenton Brown, and/or Lisa Brown Kessler had the sole discretion to terminate Plaintiff."  Doc. #14, Ex. A at 6.  Plaintiff proposes to add this language to Count II, and to add a new Count IV alleging the same cause of action under Arizona law.  Id. at 8-9.

Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank. N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987).  Defendants argue that the Court should deny plaintiff leave to amend because the additional language would not cure the deficiency in pleading individual liability, thus rendering the amendment futile.  See Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007) (proposed amendment futile if amended complaint subject to dismissal). Defendants also add a new preemption argument based on a provision in the National Banking Act that gives directors the right to discharge officers "at pleasure."  12 U.S.C. § 24(Fifth). Neither argument is persuasive.

Plaintiff recognizes the deficiency in his pleading and seeks to correct it by amending his complaint.  Defendants do not point to any delay, prejudice or bad faith that would result, and the Court concludes that amendment would not be futile.  The amendment sufficiently addresses defendants' argument regarding their sole discretion to terminate his employment.  Furthermore, plaintiff's retaliatory discharge claim is not preempted by the "at pleasure" provision of the National Banking Act.  See Sargent v. Cent. Nat'l Bank & Trust Co. of Enid, 809 P.2d 1298, 1301-02 (Okla. 1991) (state tortious discharge claim not preempted because public policy consistent with that of National Banking Act, i.e. minimizing risks of loss or insolvency and insuring safe bank management).  Plaintiff is therefore granted leave to amend and defendants' motion is overruled with respect to Count II.

## IV.    Tortious Interference

Count III asserts a tortious interference claim against all defendants, with whom plaintiff alleges that he had "a valid contractual relationship and/or prospective business advantage." Doc. #1 at 7. Defendants seek to dismiss Count III because (1) plaintiff does not plead that he was a party to a valid employment contract, (2) no contractual employment relationship or prospective business advantage exists in at-will employment, and (3) Kansas law does not recognize a claim that a party interfered with its own contract. In his limited response, plaintiff abandons a claim for tortious interference with contract, states that the complaint alleges interference by a third party, and posits without support that plaintiff had a reasonable expectation to remain CFO of the bank for as long as the bank existed. The Court therefore construes plaintiff's claim as solely one for tortious interference with prospective business advantage.

Tortious interference with a prospective business advantage requires that (1) a business relationship or expectancy existed with probable future economic benefit to plaintiff; (2) defendant knew of the relationship or expectancy; (3) but for defendant's conduct, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) defendant engaged in intentional misconduct; and (5) plaintiff sustained direct and proximate damages. Byers v. Snyder, 44 Kan. App. 2d 380, 394, 237 P.3d 1258, 1269 (2010). Plaintiff claims that he was reasonably certain to have continued serving as CFO but does not say why. Speculation or conjecture will not satisfy the third element of the tort, id., 44 Kan. App. 2d at 395, 237 P.3d at 1270. In this respect, plaintiff's pleading does not comport with Twombly and must be dismissed. See Twombly, 550 U.S. at 556.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss (Doc. #4) which HNB Corporation, Roger Brown, Trenton Brown and Lisa Brown Kessler filed April 4, 2011, be and hereby

is **SUSTAINED** in part and **OVERRULED** in part.  Counts I and III are dismissed.  As to Count II, the motion is overruled.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Leave To File First Amended Complaint (Doc. #14) filed October 28, 2011, be and hereby is **SUSTAINED**.   On or before January 4, 2012 plaintiff shall file his amended complaint.

Dated this 21st day of December, 2011 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge