## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN RUISINGER, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 10-2640-KHV** |
| **HNB CORPORATION, HOME** ) | |
| **NATIONAL BANK, N.A., ROGER** ) | |
| **BROWN, TRENTON BROWN and** ) | |
| **LISA BROWN KESSLER,** ) | |
| ) | |
|     **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion For Reconsideration (Doc. #24) which defendants HNB Corporation, Roger Brown, Trenton Brown and Lisa Brown Kessler filed January 3, 2012.[1]  In their motion, defendants ask the Court to reconsider in part the Memorandum and Order (Doc. #22) filed December 21, 2011, which both sustained in part and overruled in part defendants' Motion To Dismiss (Doc. #4), and sustained plaintiff's Motion For Leave To File First Amended Complaint (Doc. #14). Specifically, defendants ask the Court to dismiss Count II of the complaint and to deny plaintiff leave to file an amended complaint which includes a claim against the individual defendants under Kansas common law.  For the following reasons, the Court overrules defendants' motion for reconsideration.

## Legal Standards

The Court has discretion whether to grant a motion to reconsider. See Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir.1995).  A motion which asks the Court to reconsider a

---

[1]     When these defendants filed their motion to dismiss, Home National Bank, N.A. had been named a party defendant but had not answered plaintiff's complaint.  Plaintiff dismissed his claims against Home National Bank, N.A. on April 26, 2012 (Doc. #28), and thus all defendants bring the instant motion to reconsider.

non-dispositive order shall be based on (1) intervening change in controlling law, (2) availability of new evidence or (3) a need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. Jones v. Potter, No. 09-2222-KHV, 2010 WL 394087, at *1 (D. Kan. Oct. 6, 2010). In general, the Court should deny a motion to reconsider unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence. See Sump v. Fingerhut, Inc., 208 F.R.D. 324, 327 (D. Kan. 2002). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

## **Procedural Background**

Defendants filed their Motion To Dismiss (Doc. #4) on April 4, 2011, and plaintiff filed his Motion For Leave To File First Amended Complaint (Doc. #14) on October 28, 2011. The Court dismissed Counts I and III, overruled the motion to dismiss as to Count II and granted plaintiff leave to amend his complaint. See Doc. #22 at pp. 9-10. Defendants now seek reconsideration of that portion of the order which allows Count II to remain in the case.

## **Analysis**

In their motion to dismiss, defendants asserted that the Court must dismiss plaintiff's common law claim for retaliatory discharge because Count II did not allege that each individual defendant was free to exercise his or her sole discretion to terminate plaintiff's employment, and individual liability does not attach without such discretion. Plaintiff responded by seeking leave to amend his complaint to add the allegation that each defendant had the sole discretion to terminate his employment. The Court

overruled the motion to dismiss Count II and allowed plaintiff to file his amended complaint. Defendants now argue that their "reliance on the Court of Appeals' decision in Rebarchek[v. Farmers Coop. Elevator, 28 Kan. App. 2d 104, 13 P.3d 17 (2000)] was misplaced" because the Kansas Supreme Court reversed the Court of Appeals,[2] and that this Court should dismiss Count II to correct clear error and prevent manifest injustice.

The Court is not persuaded. Rebarchek was a retaliatory discharge case where plaintiff alleged that the unlawful reason for termination was his pursuit of workers' compensation benefits. 272 Kan. at 562, 35 P.3d at 903. The Kansas Supreme Court quoted the following language from an Illinois case that it found persuasive:

> Presumably, the intent of an employer who adopts a policy of firing employees for seeking workers' compensation benefits is to avoid having to pay such benefits to employees. Accordingly, it is only the employer who has a "motive" to fire an employee for seeking workers' compensation benefits. The retaliatory discharge claim is therefore properly brought against the employer.

Id. (quoting Buckner v. Atl. Plant Maint., 182 Ill. 2d 12, 21-22 (Ill. 1998). The Kansas Supreme Court thus declined to impose personal liability on a supervisor for retaliatory discharge of an employee who pursued workers' compensation benefits. 272 Kan. at 562, 35 P.3d at 904.

The Kansas Supreme Court holding in Rebarchek does not control Count II. Here, plaintiff alleges that he reasonably believed that officers of Home National Bank (including the individual defendants) were involved in credit-related improprieties that could violate federal banking laws; that defendants were aware of his whistleblowing and report to the independent bank directors; that (after they regained control of HNB) defendants terminated plaintiff's employment as interim president and chief financial officer of the bank and his position as director of HNB; and that defendants did so in

---

[2]    272 Kan. 546, 35 P.3d 892 (2001).

-3-

retaliation for his good faith reports of financial improprieties.  For purposes of a motion under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that these allegations are true.

This Court has read <u>Rebarchek</u> to bar worker's compensation retaliation claims against individuals when those individuals are merely managers, distinguishing between managers/supervisors and others with corporate authority.  <u>Mondaine v. Am. Drug Stores, Inc.</u>, 408 F. Supp. 2d 1169, 1187 (D. Kan. 2006) ("Because plaintiff has not shown that [defendant] occupied a corporate role beyond his managerial position, the Court grants [defendant] summary judgment on plaintiff's worker's compensation claim under Kansas law.") (citing <u>Rebarchek</u>, 272 Kan. at 562, 35 P. 3d at 904).  <u>See also</u> <u>Al-Dahir v. Hamlin</u>, No. 10-2571-CM, 2011 WL 2580110, at *2 (D. Kan. June 28, 2011) (granting motion to dismiss retaliatory discharge claim where no evidence that individual defendant had corporate role or position beyond manager).  The Court's reading is consistent with Kansas law which states that a corporate director or officer may be liable for torts committed by the corporation if the officer or director participates in the tort.  <u>Kerns v. G.A.C., Inc.</u>, 255 Kan. 264, 274, 875 P.2d 949, 957 (1994).  Moreover, where the alleged reason for termination is plaintiff's whistleblowing with respect to individual conduct that plaintiff believed violated federal banking laws, the rationale of <u>Rebarchek</u> does not apply.  <u>See</u> 272 Kan. at 562, 35 P.3d at 903 ("Presumably, the intent of an employer who adopts a policy of firing employees for seeking workers' compensation benefits is to avoid having to pay such benefits to employees.  Accordingly, it is only the employer who has a 'motive' to fire an employee for seeking workers' compensation benefits.  The retaliatory discharge claim is therefore properly brought against the employer.").

In the posture of a Rule 12(b)(6) motion, defendants have not demonstrated that the Court's ruling was clear error or that it must be changed to prevent manifest injustice.  <u>See</u> <u>White v. Midwest</u>

Office Tech., Inc., 979 F. Supp. 1354, 1357 (D. Kan. 1997) (reserving ruling on motion to dismiss retaliatory discharge claim where court not persuaded that plaintiff could prove no set of facts entitling her to relief and complaint alleged that defendants participated in tortious conduct, thereby making them liable as agents).

**IT IS THEREFORE ORDERED** that the Motion For Reconsideration (Doc. #24) which defendants HNB Corporation, Roger Brown, Trenton Brown and Lisa Brown Kessler filed January 3, 2012, be and hereby is **OVERRULED**.

Dated this 29th day of August, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge